UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THOMAS PATRICK HAMNER,<br><br>Defendant. | Case No. 21-cr-689-ABJ |

### GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM

Defendant Thomas Patrick Hamner pleaded guilty without a plea agreement to one of the felonies charged in the indictment, a violation of 18 U.S.C. § 231(a)(3). The Court sentenced Hamner to 30 months of imprisonment. Hamner has now chosen to proceed by trial on stipulated facts to a separate felony, a violation of 18 U.S.C. § 111(a)(1) and (b). Although the Court indicated that it was not inclined to impose any additional punishment if Hamner were convicted of another felony, the government submits that such an outcome would result in an unwarranted sentencing disparity. Accordingly, the government recommends that Hamner not obtain a benefit from his strategic choice to stagger the resolution of his two felonies and asks the Court to impose a total sentence that --taking into account Hamner's extensive criminal history and significant contributions to the success of the mob on January 6th-- is consistent with the sentences of defendants who engaged in similar conduct.

The government requests that this Court sentence Thomas Patrick Hamner to 84 months' incarceration, to be run concurrent to his prior sentence on the 231 count. This recommendation is consistent with other defendants convicted of similar criminal behavior, given Hamner's significant criminal history.

1

I.     **PROCEDURAL HISTORY**

On November 19, 2021, the grand jury issued an indictment charging Hamner with, among other things, Assaulting, Resisting, or Impeding Certain Officers with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 111(a) and (b) (Count One) and Obstruction of Law Enforcement During Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count Two). ECF 6.

On May 17, 2022, Hamner pleaded guilty without an agreement to Count Two of the indictment, his violation of § 231, which encompassed a variety of activities including, but not limited to tearing down barricades on the West lawn (Sent. Memo. at 12-13, ECF 28), donning a helmet to aid in fighting with officers over the barricades at the West Plaza (*Id.* at 13-14), and wresting control of the barricades from police officers at the West Plaza (*Id.* at 14-15). The conduct underlying Hamner's violation of § 231 also included an assault on officers with the large metal billboard. *Id.* at 15-18.

On September 23, 2022, the Court sentenced Hamner on Count Two. At that time, the Court found that the assault forming much of the basis for Hamner's violation of § 231 did not qualify as an "aggravated assault." *See* Tr. at 24.[1] The Court found that while the Trump sign qualified as a dangerous weapon, the government had not shown that Hamner intended to cause bodily injury. *See* Tr. at 9-11, 12-13. However, the Court also noted that if a defendant committed an assault under § 111 with the intent to commit a violation of § 231, that assault would likely qualify as an aggravated assault. *See* Tr. at 13-15, 19-21.

The Court confirmed that Hamner was in criminal history category V with 11 criminal

---

[1] An "aggravated assault" is a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon . . . or (D) an intent to commit another felony. §2A2.2, Application Note 1.

2

history points. Accordingly, the Court calculated the advisory Sentencing Guideline range as 24 to 30 months under § 2A2.4, noting that the range would have been 70 to 87 months if § 2A2.2 were applied. Tr. at 22-23. The Court conceded that it was troubling that § 2A2.4 gave so much less weight to the official role of the victims, where "the fact that they were law enforcement officers [is] what motivated the attack." Tr. at 24. The Court concluded that "I think it's necessary, no matter which way I rule on the guideline issue, to take both guideline ranges into consideration when applying the statutory factors under 3553(a)," including "the need to avoid unwarranted disparities with defendants of similar records who have been found guilty of similar conduct …." Tr. at 24.[2]

The Court sentenced Hamner to 30 months' incarceration, stating "[t]his sentence is based on a consideration of all the statutory factors, as well as the recommended sentencing guideline range under both Sections 2A2.4 and 2A2.2, and it would be my sentence no matter which calculation I ultimately determined would apply." Tr. at 56.

Thereafter, Hamner elected to proceed by trial on stipulated facts on Count One: Assaulting, Resisting, or Impeding Certain Officers with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 111(a) and (b). On October 16, 2023, the Court set this matter for a stipulated facts bench trial followed by immediate sentencing on February 1, 2024.

---

[2]  At the time of Hamner's original sentence, no January 6 defendants had been sentenced for assaulting officers with the same metal billboard. The AUSA cited *United States v. Richardson* as the case most analogous to this one. *See* Tr. at 30. Richardson pled guilty to an assault under 18 U.S.C. § 111(a) for assaulting officers with a pole. *United States v. Richardson*, 21-cr-00721 (CKK), ECF 29. The government's sentencing memorandum also discussed Richardson's involvement in pushing the Trump billboard at the police line. Sent. Memo. at 10-14, ECF 35. Richardson was in criminal history category I and, at 72 years old, was one of the oldest January 6 defendants charged with a violent felony. Judge Kollar-Kotelly sentenced Richardson to 46 months' incarceration on August 26, 2022. ECF 38.

## II.     STATUTORY PENALTIES

Assuming that the stipulated facts bench trial occurs without incident, Hamner will be before the Court for sentencing on Count One, Assault on a Federal Officer, in violation of 18 U.S.C. §§ 111(a) and (b), 2. In contrast to his prior Civil Disorder conviction, Hamner now faces up to 20 years of imprisonment.

## III.    THE SENTENCING GUIDELINES AND GUIDELINES ANALYSIS

The government submits the proper guideline calculation for Count One is:

| | |
|---|---:|
| **Base offense level: § 2A2.4(a):** | +10 |
| **Cross Reference Applies: § 2A2.4(c)** | apply 2A2.2[3] |
| **Base offense level: § 2A2.2(a)** | +14 |
| **Specific offense characteristics:** | |
| (1) The offense involved use of a dangerous weapon (+4), § 2A2.2(b)(2)(B) | +4 |
| (2) The defendant was convicted of 18 U.S.C. § 111(b) | +2 |
| **Chapter 3 Adjustments:** | |
| (1) Official victim (+6), § 3A1.2(b) | +6 |
| (2) Acceptance of Responsibility (-3), § 3E1.1 | -3 |
| **Total offense level:** | 23 |
| **Criminal history category: (Chapter 4, Part A):** | V |

---

[3] During Hamner's original sentencing on September 23, 2022, the Court agreed that typically § 2A2.2 applied to January 6 assaults in violation of § 111 where the assaults were committed with the intent to violate § 231. Tr. at 14-16. That remains the case today. *See United States v. Sargent,* 21-cr-258 (TFH); *United States v. Creek,* 21-cr-645 (DLF); *United States v. Council,* 21-cr-207 (TNM); *United States v. Leffingwell,* 21-cr-5 (ABJ); *United States v. Dickinson,* Case No. 21-cr-649 (JDB); *United States v. Shively,* 21-cr-151 (CKK); *United States v. Owens*, 21-cr-286 (BAH*); United States v. Eckerman,* 21-cr-623 (CRC); *United States v. Clayton,* 22-cr-139 (RCL).

4

**Sentencing Guidelines range from sentencing table:**             84-105 months

### IV.     UNWARRANTED SENTENCING DISPARITIES UNDER 18 USC §3553(A)(6)

Since Hamner's original sentencing, three other defendants have been sentenced on § 111(a) or § 111(b) convictions for assaulting officers with the same billboard Hamner used, with the same motivation and intent—to assault officers as part of a larger effort to obstruct law enforcement during a civil disorder. In each of these cases, the courts found that the applicable guideline for the conviction was § 2A2.2, and all of them received sentences higher than 30 months, even though they all were in a lower (sometimes much lower) criminal history category. *See United States v. Marshall Neefe and Charles Smith*, 21-cr-567 (RCL) (sentenced to 41 months on 09/23/22); *United States v. Sean McHugh*, 21-cr-453 (JDB) (sentenced to 78 months on 09/07/23).[4]

Neefe and Smith were young men with no criminal history. They drove to the Capitol from Pennsylvania on January 6, 2021, and intended to obstruct the certification. They attended Trump's speech and, by 1:40 p.m., they were on the West Front. At that time, both pushed the Trump billboard into the police line. Neefe brought a wooden club but did not use it. He also entered the Capitol building at 2:36 p.m. and left 40 minutes later. Smith did not enter the Building, but he did lean against a door in an apparent attempt to keep officers on the other side. Both of them posted on social media a week later that they regretted their actions. They each pled guilty under a plea

---

[4] Defendant Joseph Padilla was charged with a § 111(b) assault for his actions regarding the Trump billboard. He chose a bench trial and was convicted of §§ 111a, 111b, two counts of 231, 1512, three felony 1752 counts and two misdemeanors for his actions on January 6th, but Judge Bates acquitted him of the § 111(b) for the Trump sign. Padilla was sentenced to 78 months on September 13, 2023. *United States v. Joseph Padilla*, 21-cr-214 (JDB).

agreement to violating §§ 111(a) and 1512. The government recommended sentences of 44 months for Smith and 46 months for Neefe. At sentencing, Judge Lamberth told both defendants that he believed their contrition was sincere, acknowledged their youth, and noted that they had "never been in trouble" and "live[d] good lives." Tr. at 49-50. Lamberth concluded, nonetheless, "I don't think I can justify a sentence below the guidelines," Tr. at 50, and sentenced each defendant to 41 months, the low end of the Guideline range. Tr. at 52.

McHugh was a construction worker and electrician who owned his own business and financially supported his family before he was arrested for his actions on January 6, 2021. He urged people to fight and storm Congress and came to the Capitol armed with a cannister of bear spray. McHugh was at the initial breach at the Peace Circle, wrestled with an officer for control of a barricade, assaulted officers with his bear spray, spewed vitriol at the officers over a megaphone, and shoved the Trump sign at the police line. On April 17, 2023, Judge Bates presided over a stipulated trial and found McHugh guilty of §§ 111(b) and 1512. Like Hamner, McHugh had a lengthy, yet old, criminal history. He had amassed seven criminal history points for convictions from 2006 through 2014, which included driving infractions, theft, statutory rape and domestic violence battery, and put him in criminal history category IV. McHugh's Guideline range was 110 to 137 months. The government recommended a sentence of 123 months. McHugh argued in his sentencing memorandum that he was swept up in the mob mentality, had been awake over 48 hours, became upset when he saw his mother get hit by a rubber bullet, and was incarcerated through the COVID pandemic. Judge Bates varied downwards and sentenced McHugh to 78 months, a sentence in line with "cases involving defendants with similar records who have been found guilty of similar conduct." Tr. at 50.

When Hamner shoved the billboard into the line of police officers, it was the culmination of 45 minutes of aggressive conduct. Unlike many other members of the crowd that massed on the West lawn that day, Hamner saw the initial barricades and no trespassing signs, but he nevertheless followed the initial breach and immediately took obstacles down to facilitate the mob's progress towards the Capitol building. Hamner removed snow fencing from the first barricade and engaged in a tug of war over a bike rack at the second barricade. By the time he assaulted officers with the billboard, Hamner and other members of the mob had whittled the Capitol's defenses on the West Front down to a single line of officers behind movable barricades. This assault was a serious threat, both to the individual officers and to the defense of the Capitol. It caused chaos in its wake, and further empowered the horde at Hamner's back. Given the helmet Hamner brought (and wore) in anticipation of the fight on January 6th, given his repeated involvement in conflicts with law enforcement, and given his lengthy and violent criminal history, he is deserving of a sentence greater than 30 months.

//
//
//
//
//
//
//
//

## V. CONCLUSION

For the reasons set forth above, the government recommends that the Court impose a sentence of imprisonment of 84 months, with 36 month's supervised release, to run concurrent to Hamner's current sentence of 30 months' incarceration followed by 36 months supervised release, 200 hours of community service, and $2,000 in restitution.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY


*/s/ Alexandra F. Foster*
ALEXANDRA F. FOSTER
Assistant United States Attorney
District of Columbia Detailee
D.C. Bar No. 470096
(619) 546-6735
Alexandra.Foster@usdoj.gov